UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARIQ WYATT, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:14-CV-589 |
| JOHN WETZEL, et al., | : (Judge Kosik) |
| Defendants. | : |

# MEMORANDUM

Before the Court are Plaintiff's Objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson. For the reasons which follow, we will adopt the Magistrate Judge's recommendation that Plaintiff's Amended Complaint be dismissed without prejudice.

## I. BACKGROUND

Plaintiff, now an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, PA, filed *pro se*, a civil rights action pursuant to 42 U.S.C. § 1983, on March 28, 2014 (Doc. 1). We screened Plaintiff's Complaint, and in a Memorandum and Order dated November 7, 2014 (Doc. 14), we directed him to file an amended complaint. Plaintiff filed an Amended Complaint (Doc. 17), on December 5, 2014. The case was then referred to Magistrate Judge Carlson for screening. On September 14, 2015, Magistrate Judge Carlson issued an R&R (Doc. 18), recommending that Plaintiff's Amended Complaint be dismissed without prejudice, or in the alternative, claims relating to officials and incidents at SCI-Graterford be transferred to the Eastern District of Pennsylvania, and remaining claims

dismissed. Plaintiff filed timely Objections to the R&R (Doc. 19).

## II. STANDARD OF REVIEW

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See U.S. v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

The Magistrate Judge screened the Amended Complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), to determine whether the Amended Complaint failed to state a claim upon which relief can be granted. The Amended Complaint was screened using this motion to dismiss standard. Banks v. Cnty of Allegheny, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008). Under this standard, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (internal quotations omitted). Dismissal is appropriate where the plaintiff has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

We first note that in our Memorandum and Order dated November 7, 2014, we cautioned the Plaintiff that the Amended Complaint must comply with Rule 20 of the Federal Rules of Civil Procedure, and involve only related claims or parties.  The Magistrate Judge found that Plaintiff did not in fact, fix the deficiencies of his original Complaint, as the allegations of the Amended Complaint do not arise out of the same transaction, occurrence or series of transactions or occurrences.  Plaintiff generally objects to this finding.  We agree with the Magistrate Judge that Plaintiff's Amended Complaint, which contains allegations against forty-six (46) Defendants and involves incidents at SCI-Graterford, SCI-Camp Hill, SCI-Frackville and SCI-Mahanoy, does not comply with Rule 20.  The Amended Complaint contains allegations concerning factually distinct incidents, that if the Plaintiff wishes to pursue, must be filed in separate complaints, pursuant to Rule 20 and the purposes behind the Prison Litigation Reform Act of 1995 ("PLRA").

The Magistrate Judge also found that venue was improper as to Defendants who were employed at SCI-Graterford.  Plaintiff objects to this finding and argues that venue in the Middle District is proper, because it is where events occurred and where Defendants, including the municipality of Cumberland County, are located.  We agree with the Magistrate Judge that the proper venue as to Defendants employed by SCI-Graterford, is the Eastern District of Pennsylvania, as the alleged events involving these Defendants occurred at SCI-Graterford.  We therefore will dismiss these claims without prejudice and decline to transfer.

Next, the Magistrate Judge found that Plaintiff's claims against prison supervisors in their personal capacity, based solely on their supervisory status, fail as a matter of law.  Plaintiff

objects to this finding and argues that he alleged personal involvement of deliberate indifference, by alleging that the supervisory officials failed to respond or provide adequate responses to his grievances. Plaintiff also argues that he alleged that the supervisors had knowledge of the constitutional violations. We agree with the Magistrate Judge. Plaintiff's supervisor liability claims based on unfavorable grievance responses fail as a matter of law, because inmates do not have a constitutional right to a prison grievance system. See Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008) (finding that the District Court properly dismissed defendants who were sued based on their responses when grievances or investigations were referred to them). Additionally, we agree with the Magistrate Judge that Plaintiff did not provide factual support that supervisory officials gave personal direction, or had actual knowledge and acquiescence of any unconstitutional actions. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Lastly, the Magistrate Judge found that Cumberland County should be dismissed as a Defendant. Plaintiff objects to this finding and argues that Cumberland County should not be dismissed because the County created, employed, and enforced policies that violated his constitutional rights. The Magistrate Judge aptly set forth in the R&R, the exacting pleading standard that Plaintiff must meet to state a civil rights claim against a county. We agree with the Magistrate Judge that Plaintiff has not alleged sufficient facts concerning a policy or custom of Cumberland County, to meet that exacting pleading standard.

### IV. CONCLUSION

For the reasons set forth above, we will adopt the Magistrate Judge's recommendation and dismiss Plaintiff's Amended Complaint without prejudice, to allow Plaintiff to file separate complaints that relate to factually distinct claims.